UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

**Carlow B. Young, Jr.,**

    Plaintiff,

v.

**United States of America, Department of Justice and Progressive Casualty Insurance Company,**

    Defendants.

Civil No. 6:21-119-KKC-HAI

**OPINION AND ORDER**

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on the Defendant United States of America's motion to dismiss. In its motion, the United States argues that Plaintiff's claims against it should be dismissed because Plaintiff has failed to exhaust his administrative remedies as required by 28 U.S.C. § 2675(a). For the reasons stated below, the United States' motion will be granted and the claims against it dismissed without prejudice.

## BACKGROUND

This action arises from a vehicular accident that occurred in Perry County, Kentucky on January 23, 2019. In his amended complaint, Plaintiff Carlow B. Young, Jr. alleges that a vehicle driven by Joshua Kitchens collided with Young's vehicle, causing serious injuries to Young's person and vehicle. [DE 1-2 at ¶¶ 11–17.] Young filed this action in Perry County Circuit Court alleging negligence-based claims against Kitchens, and later amended his complaint to add an underinsured motorist claim and Progressive Casualty Insurance Company as a defendant.

On July 8, 2021, the Acting United States Attorney for the Eastern District of Kentucky certified that Kitchens was acting within the scope of his employment as an employee of the United States Postal Service at the time of the alleged accident. [DE 3.] The United States then removed the action to this Court, moved to substitute itself in place of the named defendant, Joshua Kitchens, under 28 U.S.C. § 2679(d)(2), and on July 21, 2021, filed a motion to dismiss Young's claims against it.

Young did not file a response to the United States' notice of removal, motion to substitute, or motion to dismiss. *See* Local Rule 7.1(c) ("[A] party opposing a motion must file a response within 21 days of service of the motion.") The Court granted the United States' motion to substitute and will now consider its motion to dismiss for lack of jurisdiction.

## STANDARD OF REVIEW

Young's amended complaint alleges tort claims for negligence by Joshua Kitchens, and the action has been removed to this Court pursuant to 28 U.S.C. § 2679(d)(2). [DE 1.] Congress has provided that an action removed under § 2679(d)(2) "shall be deemed to be an action or proceeding brought against the United States . . . ." This action is therefore deemed an action against the United States for purposes of the Young's state-law claims against Kitchens.

Pursuant to the doctrine of sovereign immunity, the United States must consent to be sued before a tort action may be maintained against it. *Lundstrum v. Lyng*, 954 F.2d 1142, 1145 (6th Cir. 1991). If the United States consents to be sued, the terms of that consent govern the jurisdiction of this Court. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *see also United States v. Sherwood*, 312 U.S. 584 (1941). The Federal Tort Claims Act (FTCA) is a limited waiver of the government's sovereign immunity for certain tort claims. 28 U.S.C. §§ 1346(b), 2671–2680; *see also Molzof v.*

*United States*, 502 U.S. 301, 305 (1992). Therefore, the terms of the FTCA govern the jurisdiction of this Court. *Molzof*, 502 U.S. at 305.

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to attack subject matter jurisdiction. When subject matter jurisdiction is attacked, the burden of proof rests with the party asserting jurisdiction. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). Rule 12(b)(1) attacks come in two forms: facial attacks and factual attacks. *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014) (citing *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)). In this case, the United States has factually attacked subject matter jurisdiction by claiming that Young has not complied with the exhaustion requirements of the FTCA, relying on an affidavit by Kimberly A. Herbst, who is the Supervisor Tort Claims Examiner/Adjudicator for the Postal Service's National Tort Center. [DE 5-1.]

When a court rules on a factual attack of subject matter jurisdiction, "no presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Ritchie*, 15 F.3d at 598. (cleaned up). A court reviewing a factual attack on subject matter jurisdiction is free to consider evidence outside of the pleadings. *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014).

## ANALYSIS

### I. FTCA Claims

Under the FTCA, the United States has consented to being sued in tort, "but only insofar as the plaintiff has exhausted his administrative remedies." *Blakely v. United States*, 276 F.3d 853, 864 (6th Cir. 2002). Before bringing suit, a claimant must have "first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). This prerequisite "requires claimants to give

government agencies an initial opportunity to resolve claims." *Ellison v. United States*, 531 F.3d 359, 361 (6th Cir. 2008)

Here, the appropriate Federal agency for Young's claim is the United States Postal Service. 28 C.F.R. § 14.2(b)(1) ("A claim shall be presented to the Federal agency whose activities gave rise to the claim."). However, the Postal Service has no record of a claim from Young related to the allegations in his complaint. [DE 5-1.] Young has provided no evidence that he has presented his claim to the Postal Service. Therefore, the Court finds that he has not met the presentment requirement of the FTCA. Because Young has failed to meet his burden to show that subject matter jurisdiction exists, his claims against the United States will be dismissed.

## II.    Supplemental Jurisdiction

Because Young's federal claims are dismissed for lack of subject matter jurisdiction, the Court does not have discretion to exercise supplemental jurisdiction over the remaining state law claims. *Musson Theatrical v. Fed. Express Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996) ("If the court dismisses plaintiff's federal claims pursuant to Rule 12(b)(1), then supplemental jurisdiction can never exist."). Since "[a] Rule 12(b)(1) dismissal postulates that there never was a valid federal claim," exercise of supplemental jurisdiction would "violate Article III of the Constitution, because the original federal claim would not have 'substance sufficient to confer subject matter jurisdiction on the court." *Id.* (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)); *see also Mains v. Citibank*, N.A., 852 F.3d 669, 679 (7th Cir. 2017) ("When a district court does not have subject-matter jurisdiction over federal claims, it cannot exercise supplemental jurisdiction over any state claims under 28 U.S.C. § 1367."); *Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 399 (2d Cir. 2017) (same).

Because the Court has determined it lacks subject matter jurisdiction over this action, "remand to state court is mandatory." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488,

496–97 (6th Cir. 1999); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 913 (6th Cir. 2007) ("Under 28 U.S.C. § 1447(c), a district court must remand a removed case if it appears that the district court lacks subject matter jurisdiction.").

## CONCLUSION

Accordingly, for the reasons stated in this opinion, the Court hereby **ORDERS** as follows:

(1) Defendant's motion to dismiss under Rule 12(b)(1) [DE 5] is **GRANTED** and the plaintiff's claims against the United States are hereby **DISMISSED WITHOUT PREJUDICE**;

(2) This action is **REMANDED** to Perry Circuit Court pursuant to 28 U.S.C. § 1447(c) and shall be **STRICKEN** from the Court's active docket.

Dated March 30, 2022.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY